IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DENNIS MOTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO.: CV507-068 |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge J. Richard Stables ("ALJ" or "ALJ Stables"), denying his claim for child's Disability Insurance Benefits and Supplemental Security Income ("SSI") disability payments. Plaintiff urges the Court to reverse the ALJ's decision and enter an award finding Plaintiff disabled, or, in the alternative, to remand this case for a proper determination of the evidence. Defendant asserts the Commissioner's decision should be affirmed.

Plaintiff protectively filed for child's insurance benefits and SSI payments on August 20, 2004, alleging that he became disabled on May 15, 2003, due to paranoid schizophrenia and other mental problems. (Tr. at 19; Doc. No. 26, p. 2). After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On December 14, 2006, ALJ Stables held a video hearing. Plaintiff appeared and testified in Waycross, Georgia, and the ALJ presided over the hearing in Savannah,

Georgia. Paul R. Dolan, a vocational expert, also testified at the hearing. (Tr. at 16). The Appeals Council denied Plaintiff's request for review of the ALJ's denial of benefits, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 3-5).

Plaintiff, born on May 2, 1984, was twenty-two (22) years old when ALJ Stables issued his decision. He has a high school education. (Tr. at 75). Plaintiff has no past relevant work. (Tr. at 24).

## ALJ'S FINDINGS

The Act authorizes the Commissioner to provide for the payment of disabled child's insurance benefits if the claimant is 18 years of age or older and has a disability that began before attaining the age of 22. 20 C.F.R. § 404.350(a)(5). Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d) and 416.920(d); 20

C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F. 3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to adjust to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F. 3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

The ALJ determined that Plaintiff attained the age of 22 on May 2, 2006. The ALJ found that after the alleged disability onset date of May 15, 2003, there was no evidence that Plaintiff engaged in substantial gainful activity. The ALJ determined that Plaintiff has the severe impairments of borderline intellectual functioning, schizophrenia, and an anxiety disorder not otherwise specified. (Tr. at 18). However, the ALJ also determined that Plaintiff did not have an impairment or combination of impairments that met or medically equals a listed impairment. (Tr. at 19). The ALJ found that Plaintiff has the residual functional capacity to perform work at all exertional levels, but is compromised by non-exertional limitations. (Tr. at 20-21). The ALJ noted that Plaintiff has no past relevant work. (Tr. at 24). The ALJ found that Plaintiff was not disabled because he retained the ability to perform other jobs that exist in significant numbers in the national economy. (Tr. at 24-25).

## ISSUES PRESENTED

Plaintiff asserts that the ALJ erred by:

I. denying benefits when no substantial evidence supports that determination;

II. finding that Plaintiff's impairments did not meet or medically equal a listed impairment;

III. improperly denying Plaintiff's benefits based on his alleged noncompliance with medical treatment; and

IV. improperly discounting the medical opinions of Dr. Lionel Bryan and Dr. Marc Eaton.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F. 2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F. 2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F. 3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F. 2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.

3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F. 2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

I.  **The ALJ improperly denied Plaintiff's benefits based on Plaintiff's alleged noncompliance with medical treatment.**

Plaintiff asserts that the ALJ improperly denied his benefits based on the ALJ's assertion that he was noncompliant with his prescribed medical treatment. (Doc. No. 26, pp. 14-16). Plaintiff contends that the burden to prove noncompliance with treatment is on the Commissioner and that substantial evidence must support the ALJ's determination that prescribed treatment would restore his ability to work. (Id. at 14-15). Plaintiff asserts that there is no evidence supporting the ALJ's finding that he was not taking his medication at the time of the decision. Plaintiff further asserts that ALJ Stables made no inquiry into the reason for any alleged noncompliance. (Id. at 15).

Defendant contends that the ALJ properly addressed Plaintiff's alleged noncompliance with medical treatment. Defendant alleges that the ALJ did not deny Plaintiff's benefits on the ground of unjustified noncompliance with prescribed treatment. Defendant further alleges that the ALJ found that Plaintiff occasionally neglecting to follow prescribed treatment, accompanied by a decline in ability to function, did not warrant a finding of disability, given his overall level of functioning during most of the period at issue. Defendant acknowledged that if noncompliance was the primary reason for the ALJ's finding of not disabled, then his handling of the issue was not adequate. (Doc. No. 29, p. 11).

To be eligible for benefits, a claimant must follow treatment prescribed by a physician, if the treatment can restore the claimant's ability to work. 20 C.F.R. § 416.930(a). The Commissioner will render a finding of not disabled if a claimant does not follow prescribed treatment without a good reason. 20 C.F.R. § 416.930(b). A claimant's physical, mental, educational, and linguistic limitations will be considered in the evaluation of claimant's failure to follow prescribed treatment. 20 C.F.R. § 416.930(c). In order to deny benefits on the ground of failure to follow prescribed treatment, an ALJ must make specific findings that the claimant would have the ability to work if the prescribed treatment had been followed. Russ v. Barnhart, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005).

ALJ Stables determined that since the alleged disability onset date, Plaintiff had the severe impairments of borderline intellectual functioning, schizophrenia, and an anxiety disorder not otherwise specified. (Tr. at 18). The ALJ further determined that Plaintiff has not had an impairment or combination of impairments that meets or medically equals a listed impairment. (Tr. at 19). ALJ Stables found that Plaintiff has the residual functional capacity to perform at all exertional levels, but due to his severe impairments, has limited, but satisfactory, ability to understand, remember, and carry out simple instructions, and is restricted to simple tasks due to his inability to understand, remember, and carry out detailed or complex instructions. The ALJ further found that Plaintiff has limited, but satisfactory, ability to interact appropriately with supervisors, co-workers, and the public. However, ALJ Stables found that Plaintiff's interaction with the public and others should be minimized, he should work in relative isolation, and he should not be required to closely coordinate with others. (Tr. at 20-21).

In his consideration of Plaintiff's residual functional capacity, ALJ Stables observed that the Satilla Community Services Board medical records show that Plaintiff was diagnosed with type I residual schizophrenia. ALJ Stables noted that the Satilla records reveal that Plaintiff failed to show up for several of his scheduled appointments and was noncompliant with his treatment and medication. The ALJ remarked that Plaintiff had the ability to control his anger and function in a relatively normal fashion when he was compliant with his medications. ALJ Stables further remarked that records from January to May 2004 show that Plaintiff was compliant with taking his medication, stable, reported searching for a job, and stated that he can manage his anger so long as he is taking his medication. (Tr. at 22). The ALJ observed that Plaintiff reported feeling more comfortable and confident about socializing and began double dating, going to the mall with his friends, playing basketball with the church team, and attending church services and functions with his family. (Tr. at 22-23).

ALJ Stables remarked that the medical records show that Plaintiff lost his job at Wendy's and fought with a neighbor due to noncompliance with his medications. ALJ Stables observed that Plaintiff reported working as a dishwasher, but the treatment notes show that he quit a week later. The ALJ noted that the records indicate that Plaintiff had not filled his prescription for over two months in late 2004. ALJ Stables further noted that Plaintiff began receiving injections in early 2005 due to his noncompliance with oral medications. The ALJ observed that later that year, Plaintiff reported feeling good, living alone, and spending time at his mother's house. ALJ Stables remarked that Plaintiff had been compliant with his monthly injections, but quit his dishwasher job because "he did not have to work because mom provided a lot for

[him]." Records from 2006 note that Plaintiff had no side effects from the injections, had a better attitude, stayed out of trouble, and had improved sleep. The ALJ observed that medical records indicate that Plaintiff was compliant with his monthly injections, his socialization increased with male companionship by playing games, he visited his home, he attended church, and he reported that he was no longer restless or forgetful since he was placed on injections. The ALJ noted that with the exception of being found "mildly restless" once, Plaintiff's mental status was "unremarkable" since May 2005. (Tr. at 23).

The ALJ observed that the applicable regulations provide that an individual is not disabled if he, without justification, fails to comply with prescribed medication, provided that compliance would restore functioning. ALJ Stables opined that the "evidence here clearly documents repeated non-compliance and clearly shows that, when compliant, the claimant experiences significant improvement. No justification for the non-compliance appears." (Tr. at 23).

ALJ Stables erred by denying Plaintiff's benefits for his alleged failure to follow prescribed treatment. The ALJ failed to make specific findings that Plaintiff would have the ability to work if he had taken his prescribed medications. See Russ, 363 F. Supp. 2d at 1347. ALJ Stables found that "the evidence here clearly documents repeated non-compliance and clearly shows that, when compliant, the claimant experiences significant improvement." (Tr. at 23). This finding does not establish, or address, whether Plaintiff would have the ability to work with significant improvement. Contrary to Defendant's assertion, the denial of benefits was, at least in part, due to Plaintiff's alleged noncompliance. The ALJ discounted Satilla's finding that Plaintiff suffered from

schizophrenia because the ALJ determined that compliance with treatment would have alleviated the limitations which this impairment placed on his ability to work. As Defendant acknowledged, the ALJ's handling of the issue is not adequate if noncompliance was a primary reason for the finding of "not disabled". (See Doc. No. 29, p. 11). This case should be remanded so that the ALJ may make appropriate findings regarding whether compliance with the prescribed treatment would give Plaintiff the ability to work. The ALJ should also make findings regarding whether Plaintiff was noncompliant with his prescribed treatment and whether there was good cause for any noncompliance.

It is unnecessary to address Plaintiff's remaining enumerations of error at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this  11th  day of February, 2009.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE